COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                                    SUPERIOR COURT

---

JAIME BOTERO, on behalf of himself and
all others similarly situated,

                                   Plaintiffs,          C. A. No. 12-0186 B

                    v.

COMMONWEALTH LIMOUSINE
SERVICE, INC. D/B/A
COMMONWEALTH WORLDWIDE
TRANSPORTATION and DAWSON A.
RUTTER, JR., as President of
Commonwealth Limousine Service, Inc. and
Individually.
                                   Defendants.

---

### AMENDED COMPLAINT

1.     This is a wage and hour class action in which Plaintiff seeks an award of
damages, injunctive relief, and attorneys' fees and costs arising out of Defendants' violations of
the Massachusetts Wage Act, the Massachusetts Overtime Laws, and the Fair Labor Standards
Act (hereinafter the "FLSA").

2.     As set forth below, Commonwealth Limousine Service, Inc. d/b/a Commonwealth
Worldwide Transportation and Dawson A. Rutter, Jr. (collectively referred herein as
"Commonwealth") failed to pay the Plaintiff and other similarly situated chauffeurs for all the
hours they worked. Commonwealth required the chauffeurs to work a particular shift, yet only
paid them for the time that they were actually transporting customers of Commonwealth or
waiting on duty with customers of Commonwealth at their designated locations. Despite this
fact, Commonwealth deducted 30 minutes from the chauffeurs work time for lunch, even though
the chauffeurs were not given that time to eat lunch when they were working with customers.
Additionally, despite the fact that the Plaintiff and other similarly situated chauffeurs regularly
worked in excess of forty hours per week, Commonwealth failed to pay them the full amount of
wages to which they were entitled for those overtime hours.

## Jurisdiction and Venue

3.      Jurisdiction is proper in the Court because Commonwealth regularly transacts business within the Commonwealth of Massachusetts, including Suffolk County.

4.      Venue is proper in Suffolk County because Commonwealth has a principal place of business in Suffolk County.

## Parties

5.      Plaintiff Jaime Botero is a resident of Cambridge, Massachusetts.

6.      On information and belief, individuals performing similar functions to Plaintiff, as chauffeurs, were treated similarly to Mr. Botero with respect to the allegations in this Complaint. Thus, Plaintiff brings this action on his own behalf and on behalf of:

> "All persons who worked for Defendants in Massachusetts as chauffeurs, at any time between January 16, 2009 and the date of final judgment."

> (the "Class Period"), (such similarly situated persons are hereinafter referred to collectively as the "Class" or "Class Members").

7.      Defendant Commonwealth Limousine Service, Inc. is a corporation incorporated in the Commonwealth of Massachusetts, having its principal office at 250 Everett St., Allston, Massachusetts.

8.      Defendant Commonwealth Limousine Service, Inc. does business as Commonwealth Worldwide Transportation.

9.      Defendant Dawson A. Rutter, Jr. is presently, and has been at all times relevant to this complaint, according to records on file with the Secretary of the Commonwealth, the President and Treasurer of Commonwealth Limousine Service, Inc., and resides at 280 Beacon Street, Boston, Massachusetts.

10.     During the relevant time period Defendants were employers subject to the Massachusetts wage and hour laws and the FLSA.

11.     During the relevant time period, Defendants were required to compensate the Plaintiff and the members of the class they purport to represent in accordance with the requirements imposed on employers by Massachusetts law and the FLSA.

2

## Factual Allegations

12.     Plaintiff Jaime Botero has worked continuously for Defendants from approximately 2005 through October 18, 2011 as a chauffeur.

13.     During the Class Period, Defendants were engaged in the business of providing chauffeured transportation services throughout the Commonwealth of Massachusetts.

14.     Plaintiff's primary job duties included, but were not limited to, driving vehicles and transporting customers of the Defendants to various locations in the Commonwealth of Massachusetts.

15.     Plaintiff was paid on an hourly basis, plus commissions.

16.     Defendants regularly scheduled Plaintiff's work hours.

17.     Plaintiff regularly reported certain of his hours to Defendants, as instructed by Defendants.

18.     Defendants regularly received reports indicating the hours worked by Plaintiff.

19.     Defendants failed to pay Plaintiff the full amount of wages to which he was entitled for all of his work time.

20.     Defendants only compensated Plaintiff for time spent actually driving customers from one location to another or waiting on duty with customers at their designated locations.

21.     Defendants did not compensate Plaintiff for his on-call time, despite the fact that the Plaintiff was required to remain on Defendants' premises or so close to a designated location that he could not use the time effectively for his own purposes and was not completely relieved of all work-related duties.

22.     Because Defendants' policies ensured that the Plaintiff was never completely relieved of all work-related duties, Defendant should have compensated the Plaintiff from the time he reported for work until such time as he was completely relieved of all work-related duties.

23.     Defendants regularly deducted 30 minutes from the Plaintiff's work time for lunch, even though Plaintiff was only compensated for his active duty time, and as such was never completely relieved of all work-related duties for those 30 minute periods.

24.     Because Defendants' policies ensured that the Plaintiff was only paid for his time with customers, Defendants should have compensated the Plaintiff for the time he was supposedly on an unpaid lunch break.

3

25.     Plaintiffs regularly worked in excess of forty hours per week.

26.     Defendants were aware of Plaintiffs' overtime work hours, but failed to pay Plaintiffs the full amount of wages to which they were entitled for this work time.

27.     Plaintiff and other persons employed by Defendants as chauffeurs repeatedly complained to Defendants about the failure to pay proper wages. Despite these complaints, Defendants nevertheless repeatedly continued in their failure to pay Plaintiffs and Class Members all of the wages due to them under the law.

28.     Defendants have at all relevant times known about the foregoing practices, and Defendants' failure to pay Plaintiff and the Class Members on a timely basis all wages due, was made with either an evil motive or a reckless disregard for the rights of those employees.

29.     Plaintiff has satisfied all prerequisites and conditions precedent necessary to seek the remedies sought in this action.

30.     Attached as Exhibit A hereto is a letter from the office of the Attorney General authorizing Plaintiff to pursue the claims set forth in this Complaint through a private lawsuit in civil court and a Consent Form whereby Plaintiff consented to be a party to this action pursuant to 29 U.S.C. §216(b).

## Massachusetts Class Action Allegations

31.     Pursuant to M.G.L. c. 149, §150, M.G.L. c. 151, §1B, and Mass. R. Civ. P. 23, Plaintiff brings this action on behalf of himself and the Massachusetts Class Members to recover unpaid wages earned by them during the Class Period.

32.     During the Class Period, Defendants paid all of the Massachusetts Class Members in the same manner and under the same standard employment procedures and practices as Plaintiff.

33.     Defendants have been aware of the hours worked by the Massachusetts Class Members, but have failed to pay the Massachusetts Class Members the full amount of wages to which they are entitled for this work time.

34.     Plaintiff is currently unaware of the identities of all Massachusetts Class Members. However, on information and belief, at least 70 persons have worked for Defendants performing these job functions in the Commonwealth of Massachusetts during the Class Period and would, therefore, be Massachusetts Class Members. For this reason, the Class is so numerous that joinder of all Massachusetts Class Members would be impracticable.

35.     Plaintiff is currently unaware of the identities of all Massachusetts Class Members. However, on information and belief, at least 70 persons have worked for Defendants performing these job functions in the Commonwealth of Massachusetts during the Class Period and would, therefore, be Massachusetts Class Members.  It is believed that most of these individuals would not likely file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.  For this reason, the Class is so numerous that joinder of all Massachusetts Class Members would be impracticable and a class action would be an efficient mechanism for resolution of the claims of the Massachusetts Class

36.     There exist numerous common questions of both law and fact, including:  the number of hours worked by the chauffeurs; whether Defendants were required to pay the chauffeurs for all hours worked; whether it was proper for Defendants to refuse to pay the chauffeurs for all hours worked and all hours reported; how chauffeurs were required to spend their time while on-call; whether it is proper for Defendants to deduct 30 minutes from chauffeurs work time when they were only compensated for the time they spent actively with customers; whether the chauffeurs were classified as exempt employees; and whether Defendants acted with evil motive or a reckless disregard for the rights of chauffeurs.

37.     There are also numerous questions of law including whether the Plaintiff and Massachusetts Class Members are entitled to compensation under M.G.L. c. 149 and 151.  Any defenses raised by Defendants, including that their conduct did not violate Massachusetts Law, would be common to Plaintiff and all Massachusetts Class Members.

38.     The claims of the Plaintiff are typical of the claims of the Class, because each Massachusetts Class Member was subject to and victimized by the same unlawful policies and practices of Defendants, and the Massachusetts Class Members all had the same basic job responsibilities as Plaintiff, as chauffeurs working for Defendants.

39.     The Plaintiff is represented by counsel experienced in collective action litigation, and, in particular, in litigating claims under Massachusetts wage and hours laws and the FLSA. Plaintiff will both fairly and adequately protect the interests of the Class and have no conflicts with the interests of the Class.

40.     The prosecution of separate actions against Defendants would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants.  In addition, adjudications with respect to individual members of the Class could as a practical matter be dispositive of the interests of all the other members of the Class not parties to such adjudications, or could substantially impede or impair their ability to protect their interests.

41.     Questions of law or fact common to the members of the Class predominate over any questions affecting only individual Class Members.  A class action is therefore superior to other available methods for the fair and efficient adjudication of the controversy.  Facts not common to the Class are immaterial to resolving the common legal questions whether

Defendants' policies violated Massachusetts law.  There will be no difficulty in managing this case as a class action.

42.     The members of the Massachusetts Class are known to the Defendants and are readily identifiable through Defendants' records.

### FLSA Collective Action Allegations

43.     Pursuant to 29 U.S.C. §207 et seq., Plaintiff brings this action on behalf of himself and the FLSA Class Members to recover unpaid wages earned by them during the Class Period.

44.     During the Class Period, Defendants paid all of the FLSA Class Members in the same manner and under the same standard employment procedures and practices as Plaintiff.

45.     During the Class Period, Defendants have always had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce, and Defendants have always had annual gross sales of at least $500,000.

46.     The duties and business activities of the FLSA Class Members were essentially the same as the duties and activities of Plaintiff described above, and Defendants have been aware of those duties and activities.

47.     During the Class Period, the FLSA Class Members have regularly worked in excess of forty hours per week.

48.     During the Class Period, the FLSA Class Members performed manual labor.

49.     While working for Defendants during the Class Period, the FLSA Class Members drove motor vehicles with a gross vehicle weight or gross vehicle weight rating of less than 10,001 pounds.

50.  .  Defendants have been aware of the hours worked by the FLSA Class Members, but have failed to pay Plaintiff and the FLSA Class Members the full amount of wages to which they are entitled for this work time under the law.

51.     Plaintiff and other persons employed by Defendants as Chauffeurs have repeatedly complained to Defendants about the failure to pay proper wages.  Despite these complaints, Defendants have nevertheless repeatedly continued in their failure to pay the FLSA Class Members all of the wages due to them under the law.

52.     Defendants also have been fully aware that the duties of Plaintiff and the FLSA Class Members were and are inconsistent with exempt status under the overtime provisions of the FLSA.

6

53.     Yet, the FLSA Class Members, like Plaintiff, all have been subject to the same unlawful policy or plan to classify them as exempt from the provisions of the FLSA, while at the same time assigning them duties inconsistent with that status.

54.     By their conduct, as set forth herein, Defendants violated 29 U.S.C. §207 by failing to pay the FLSA Class Members, like Plaintiff, one and one-half times their regular hourly rates (as calculated under the FLSA) for hours worked in excess of forty hours during a workweek.

55.     As with Plaintiff, Defendants' violations of 29 U.S.C. §207 with respect to the FLSA Class Members were performed willfully, with a knowing or reckless disregard for whether such conduct was prohibited by the FLSA, and Plaintiff and the FLSA Class Members have been damaged by such violations.

56.     As with Plaintiff, Defendants' violations of 29 U.S.C. §207 with respect to the FLSA Class Members were performed without good faith or any reasonable grounds to believe that such actions or omissions were not a violation of the FLSA.

57.     Pursuant to 29 U.S.C. §207 and §216(b), Defendants are liable to Plaintiff and the FLSA Class Members for the full amount of all their unpaid overtime compensation, plus an additional equal amount as liquidated damages, plus their attorneys fees and costs.

58.     Plaintiff is currently unaware of the identities of all FLSA Class Members. However, on information and belief, at least 70 persons have worked for Defendants performing these job functions in the Commonwealth of Massachusetts during the Class Period and would, therefore, be FLSA Class Members. It is believed that most of these individuals would not likely file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims. For this reason, the Class is so numerous that joinder of all FLSA would be impracticable and a collective action would be an efficient mechanism for resolution of the claims of the FLSA Class.

59.     In addition, a collective action under 29 U.S.C. §216(b) is superior to other available methods for the fair and efficient adjudication of this controversy, because the damages suffered by individual members of the FLSA Class may be relatively small, and the expense and burden of individual litigation would make it impossible for such persons individually to redress the wrongs done to them. Further, because of the similarity of the FLSA Class Members' claims, individual actions would present the risk of inconsistent adjudications subjecting Defendants to incompatible standards of conduct.

60.     There exist numerous common questions of both law and fact, including:  the number of hours worked by the chauffeurs; whether Defendants were required to pay the chauffeurs for all hours worked; whether it was proper for Defendants to refuse to pay the chauffeurs for all hours worked and all hours reported; how chauffeurs were required to spend

their time while on-call; whether it is proper for Defendants to deduct 30 minutes from chauffeurs work time when they were only compensated for the time they spent actively with customers; whether the chauffeurs were classified as exempt employees; and whether Defendants acted with evil motive or a reckless disregard for the rights of chauffeurs.

61.     The claims of the Plaintiff are typical of the claims of the FLSA Class. Defendants acted consistently towards the FLSA Class Members, unlawfully classifying each such person as exempt from the overtime laws while having the same job duties which were inconsistent with exempt status. Defendants' defense that the members of the FLSA Class were correctly classified as exempt or otherwise not entitled to additional wages will be the same for each individual and will not turn on any individual differences in such persons' job duties.

62.     Plaintiff can adequately and fairly represent the interests of the FLSA Class. Plaintiff has no potential conflicts with the proposed FLSA Class Members, and his individual interests are consistent with, not antagonistic to, the interests of the class. Furthermore, counsel for Plaintiff possess the requisite resources and ability to prosecute vigorously this case as a collective action and are experienced labor and employment attorneys who have litigated complex cases on behalf of individuals involving issues similar to those at issue in this case.

63.     Defendants have acted or refused to act on grounds generally applicable to the FLSA Class, thereby making it appropriate that final injunctive relief or corresponding declaratory relief be available to the FLSA Class as a whole.

64.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action, and Plaintiff and counsel for Plaintiff suffer no conflicts of interest with any of the FLSA Class.

65.     The members of the FLSA Class are known to the Defendants and are readily identifiable through Defendants' records.

### Claims for Relief

### Count I
### Massachusetts Wage Act Claim
### (On Behalf of Plaintiffs and the Massachusetts Class)

66.     Defendants have been and continue to be an "employer" of Plaintiff and the Massachusetts Class Members within the meaning of the Massachusetts Wage Act (M.G.L. c. 149).

67.     Plaintiff and the Massachusetts Class Members were "employees" of Defendants within the meaning of Massachusetts Wage Act (M.G.L. c. 149).

68.     Defendants employed Plaintiff and the Massachusetts Class Members, suffering or permitting them to work within the meaning of Massachusetts Wage Act (M.G.L. c. 149).

69.     Defendants failed to pay regular wages owed to Plaintiff and the Massachusetts Class Members on a timely basis for the work which they did for Defendants, in violation of the Massachusetts Wage Act (M.G.L. c. 149)..

70.     Defendants' failure to pay wages owed to the Plaintiff and the Massachusetts Class Members as required by the Massachusetts Wage Act (M.G.L. c. 149) constituted outrageous conduct that was undertaken with either an evil motive or reckless indifference by Defendants of the rights of the Plaintiff and the Massachusetts Class Members.

71.     As the result of the Defendants' violations of Massachusetts law set forth above, Plaintiff and the Massachusetts Class Members have incurred damages in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## Count II
## Massachusetts Overtime Claim
### (On Behalf of Plaintiffs and the Massachusetts Class)

72.     Defendants have been and continue to be an "employer" of Plaintiff and the Massachusetts Class Members within the meaning of the Massachusetts overtime law (M.G.L. c. 151).

73.     Plaintiff and the Massachusetts Class Members were "employees" of Defendants within the meaning of Massachusetts overtime law (M.G.L. c. 151).

74.     Defendants employed Plaintiff and the Massachusetts Class Members, suffering or permitting them to work within the meaning of Massachusetts overtime law (M.G.L. c. 151).

75.     Defendants failed to pay overtime premiums to Plaintiff and the Massachusetts Class Members for all such work hours in excess of 40 hours per workweek, in violation of the Massachusetts overtime law (M.G.L. c. 151).

76.     Defendants' failure to pay wages owed to the Plaintiff and the Massachusetts Class Members as required by the Massachusetts overtime law (M.G.L. c. 151) constituted outrageous conduct that was undertaken with either an evil motive or reckless indifference by Defendants of the rights of the Plaintiff and the Massachusetts Class Members.

77.     As the result of the Defendants' violations of Massachusetts law set forth above, Plaintiff and the Massachusetts Class Members have incurred damages in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## Count III
### FLSA Collective Action Overtime Claim
### (On Behalf of Plaintiffs and the FLSA Class)

78.     Defendants have been and continues to be, an "employer" within the meaning of the FLSA (29 U.S.C. § 207(a)(2)).

79.     Defendants have "employed" Plaintiff and the FLSA Class Members, suffering or permitting them to work within the meaning of the FLSA (29 U.S.C. § 203(g)).

80.     Defendants were an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA (29 U.S.C. § 203(s)).

81.     Defendants' failures to pay overtime wages to Plaintiff and the FLSA Class Members for such work violates the FLSA (29 U.S.C. § 207).

82.     Defendants' failures to provide required compensation for all hours worked by Plaintiff and the FLSA Class Members are willful violations within the meaning of the FLSA (29 U.S.C. § 255(a)).

83.     Defendants' repeated and intentional failures to provide required compensation for all hours worked by Plaintiff and the FLSA Class Members were not made in good faith within the meaning of FLSA (29 U.S.C. § 260).

84.     As a result of Defendants' violations of the FSLA, Plaintiff and the FLSA Class Members have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

### Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that the Court:

(A)     Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. §216(b), appointing Plaintiff and his counsel to represent the FLSA Class Members, and order notice sent to the FLSA Class members immediately;

(B)     Declare this action to be maintainable as a class action pursuant to Mass. R. Civ. P. 23 and/or to be a representative action on behalf of all of those similarly situated pursuant to M.G.L. c. 149, §150, appointing Plaintiff and his counsel to represent the Massachusetts Class Members;

(C)     Require Defendants to provide an accounting to Plaintiff of the amount of damages incurred by him, the Massachusetts Class Members, and the FLSA Class Members, and direct Defendants to provide to Plaintiff a list of all persons

10

employed by them as Chauffeurs during the Class Period, including the last known address and telephone numbers, so that Plaintiff can give such Massachusetts Class Members and FLSA Class Members notice of the pendency of this action and an opportunity to make an informed and timely decision about whether to participate in it;

(D)     Determine the damages sustained by Plaintiff and the Massachusetts Class Members as the result of Defendants' unlawful conduct and award those damages, trebled, against the Defendants and in favor of the Plaintiff and the Massachusetts Class Members, together with such prejudgment interest as may be allowed by law;

(E)     Determine the damages sustained by Plaintiff and the FLSA Class Members as the result of Defendants' unlawful conduct and award those damages, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b), against the Defendants and in favor of the Plaintiff and the FLSA Class Members, together with such prejudgment interest as may be allowed by law;

(D)     Award Plaintiff, the Massachusetts Class Members, and the FLSA Class Members their costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees and any reasonable accountants' or experts' fees;

(E)     Enter a permanent injunction ordering Defendants henceforth to refrain from engaging in the unlawful conduct described in this Complaint and to take all necessary measures to ensure that it is at all times in compliance with such injunction; and

(F)     Grant Plaintiff and the Class Members such other and further relief as the Court may deem just and proper.

By the attorneys for the Plaintiffs and the Class Members,

I HEREBY ATTEST AND CERTIFY ON
March 14, 2012 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____
    Asst. Clerk

Dated: January 25, 2012

Philip J. Gordon (BBO #630989)
Kristen M. Hurley (BBO #658237)
GORDON LAW GROUP LLP
585 Boylston Street
Boston, Massachusetts 02116
(617) 536-1800

11

## EXHIBIT A
Private Right of Action Letter from Attorney General and
FLSA Consent Form



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
### ONE ASHBURTON PLACE
### BOSTON, MASSACHUSETTS 02108

MARTHA COAKLEY
ATTORNEY GENERAL

January 5, 2012

(617) 727-2200
www.mass.gov/ago

Kristen M. Hurley
Gordon Law Group, LLP
585 Boylston Street
Boston, MA 02116

Re: Private Right of Action -- Jaime Botero

**Authorizing for Immediate Private Suit – Commonwealth Limousine Service, Inc. d/b/a Commonwealth Worldwide Transportation and Dawson A. Rutter, Jr.**

Dear Atty. Hurley:

Thank you for contacting the Office of the Attorney General's Fair Labor and Business Practices Division.

This letter is to inform you that we have carefully reviewed the complaint and have determined that the proper resolution of this matter may be through a private suit in civil court. Accordingly, we are authorizing you to pursue this matter through a civil lawsuit immediately.

Massachusetts General Laws, chapter 149, sec. 150, and chapter 151, secs. 1B and 20 establish a private right of action for employees who believe they are victims of certain violations of the state wage laws. If you elect to sue in civil court, you may bring an action on your clients' behalf and others similarly situated, and they may obtain injunctive relief, treble damages for any loss or wages and other benefits, as well as the costs of litigation and reasonable attorneys' fees.

Without making a judgment on the merits of the complaint, this correspondence represents this office's written assent to sue and grants you the authority to pursue this matter against the employer *as well as against the president, treasurer of the corporation and any officers or agents having the management of such corporation,* immediately, as permitted by Massachusetts General Laws chapters 149 and 151. This office will not take further enforcement action at this time. Thank you for your attention to this matter

Sincerely,

Bruce Trager
Assistant Attorney General
Fair Labor and Business Practices Division
(617) 727-2200, extension 2336

BT/mm

## CONSENT TO ACT AS PLAINTIFF

Pursuant to 29 U.S.C. §216(b), I consent to act as a plaintiff in a case against COMMONWEALTH LIMOUSINE SERVICE, INC. D/B/A COMMONWEALTH WORLDWIDE TRANSPORTATION and DAWSON A. RUTTER, JR., as President of Commonwealth Limousine Service, Inc. and Individually.  I do this both on my own behalf and on behalf of all persons similarly situated.

Dated: January 26th, 2012

_____
Jaime Botero

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT | DOCKET NO. 12-0186 |
|---|---|---|
| | COUNTY SUFFOLK | |

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Jaime Botero, on behalf of himself and all others similarly situated | Commonwealth Limousine Service, Inc. d/b/a Commonwealth Worldwide Transportation and Dawson A. Rutter, Jr. |

| Type Plaintiff's Attorney name, Address, City/State/Zip Phone Number and BBO# | Type Defendant's Attorney Name, Address, City/State/Zip Phone Number (If Known) |
|---|---|
| Philip J. Gordon, Esq., Gordon Law Group, LLP, 585 Boylston Street, Boston, MA 02116, (617)536-1800, BBO# 630989 | |

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | Other (specify ) - Fast Track - Violation of the Massachusetts Wage Act | | ◯ ] Yes   ◉ ] No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses         $_____
2. Total doctor expenses           $_____
3. Total chiropractic expenses     $_____
4. Total physical therapy expenses $_____
5. Total other expenses (describe) $_____
                        Subtotal    $_____
B. Documented lost wages and compensation to date $_____
C. Documented property damages to date            $_____
D. Reasonably anticipated future medical expenses $_____
E. Reasonably anticipated lost wages and compensation to date $_____
F. Other documented items of damages (describe)   $_____

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                              Total $_____

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

| The Defendants failed to pay the Plaintiff wages which were due and owing in violation of the Massachusetts Wage Act. | TOTAL | AT LEAST $25,000 |
|---|---|---|

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   Date: 1/16/2010

A.O.S.C. 3-2007

. HEREBY ATTEST AND CERTIFY ON
March 14, 2012 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. _____
      Asst. Clerk

Commonwealth of Massachusetts
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## SUCV2012-00186
### Botero v Comm Limousine Servicr Inc dba et al

| | | | |
|---|---|---|---|
| File Date | 01/17/2012 | Status | Disposed: transfered to other court (dtrans) |
| Status Date | 03/14/2012 | Session | B - Civil B, 3 Pemberton Sq, Boston |
| Origin | 1 - Complaint | Case Type | A99 - Misc contract |
| Track | F - Fast track | Lead Case | |
| | | | Jury Trial    No |

### DEADLINES

| | Service | Answer | Rule12/19/20 | Rule 15 | Discovery | Rule 56 | Final PTC | Judgment |
|---|---|---|---|---|---|---|---|---|
| Served By | | | 05/16/2012 | 05/16/2012 | 11/12/2012 | 12/12/2012 | | |
| Filed By | 04/16/2012 | 05/16/2012 | 06/15/2012 | 06/15/2012 | | | 01/11/2013 | 11/07/2013 |
| Heard By | | | 07/15/2012 | 07/15/2012 | | | 05/11/2013 | |

### PARTIES

**Plaintiff**
Jaime  Botero
Active 01/17/2012

**Private Counsel 630989**
Philip J Gordon
Gordon Law Group LLP
585 Boylston Street
Boston, MA 02116
Phone: 617-536-1800
Fax: 617-536-1802
Active 01/17/2012 Notify

**Defendant**
  Comm Limousine Servicr Inc dba
Served: 02/08/2012
Served (answr pending) 02/22/2012

**Private Counsel 630395**
C Max Perlman
Hirsh Roberts Weinstin LLP
24 Federal Street
12th Floor
Boston, MA 02110
Phone: 617-348-4300
Fax: 617-348-4343
Active 03/14/2012 Notify

**Private Counsel 658698**
Kristy L Avino
Hirsh Roberts Weinstin LLP
24 Federal Street
12th Floor
Boston, MA 02110
Phone: 617-348-4300
Fax: 617-348-4343
Active 03/14/2012 Notify

**Doing busnss as (alias)**
  Comm Worldwide Transportation
Active 01/17/2012

MASXP-20070813
leakes

Case 1:12-cv-10428-NMG Commonwealth of Massachusetts 03/12  Page 17 of 36

03/14/2012
02:23 PM

SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

## SUCV2012-00186
## Botero v Comm Limousine Servicr Inc dba et al

| Defendant | Private Counsel 630395 |
|---|---|
| Dawson A Rutter Jr Pres<br>Served: 02/07/2012<br>Served (answr pending) 02/22/2012 | C Max Perlman<br>Hirsh Roberts Weinstin LLP<br>24 Federal Street<br>12th Floor<br>Boston, MA 02110<br>Phone: 617-348-4300<br>Fax: 617-348-4343<br>Active 03/14/2012 Notify<br><br>**Private Counsel 658698**<br>Kristy L Avino<br>Hirsh Roberts Weinstin LLP<br>24 Federal Street<br>12th Floor<br>Boston, MA 02110<br>Phone: 617-348-4300<br>Fax: 617-348-4343<br>Active 03/14/2012 Notify |

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 01/17/2012 | 1.0 | Complaint |
| 01/17/2012 | | Origin 1, Type A99, Track F. |
| 01/17/2012 | 2.0 | Civil action cover sheet filed ($25,000.00) |
| 02/01/2012 | 3.0 | Amended complaint of plff |
| 02/22/2012 | 4.0 | SERVICE RETURNED: Comm Limousine Servicr Inc dba(Defendant) (in hand) |
| 02/22/2012 | 5.0 | SERVICE RETURNED: Dawson A Rutter Jr Pres(Defendant) (last & usual) |
| 03/07/2012 | | Copy of Petition for Removal to Us Dist Court of defendants<br>Commonwealth Limousine Service, Inc. and Dawson A. Rutter, Jr.,<br>(12-cv-10428-NMG) |
| 03/14/2012 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

. HEREBY ATTEST AND CERTIFY ON
March 14, 2012 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY.
Asst. Clerk

**1**

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                                    SUPERIOR COURT

JAIME BOTERO, on behalf of himself and
all others similarly situated,

                                    Plaintiffs,          C. A. No.          12-0186 ₿

                    v.

COMMONWEALTH LIMOUSINE
SERVICE, INC. D/B/A
COMMONWEALTH WORLDWIDE
TRANSPORTATION and DAWSON A.
RUTTER, JR., as President of
Commonwealth Limousine Service, Inc. and
Individually.
                                    Defendants.

## COMPLAINT

    1.      This is a wage and hour class action in which Plaintiff seeks an award of damages, injunctive relief, and attorneys' fees and costs arising out of Defendants' violations of the Massachusetts Wage Act.

    2.      As set forth below, Commonwealth Limousine Service, Inc. d/b/a Commonwealth Worldwide Transportation and Dawson A. Rutter, Jr. (collectively referred herein as "Commonwealth") failed to pay the Plaintiff and other similarly situated chauffeurs for all the hours they worked. Commonwealth required the chauffeurs to work a particular shift, yet only paid them for the time that they were actually transporting customers of Commonwealth or waiting on duty with customers of Commonwealth at their designated locations. Despite this fact, Commonwealth deducted 30 minutes from the chauffeurs work time for lunch, even though the chauffeurs were not allowed to eat lunch when they were with customers.

### Jurisdiction and Venue

    3.      Jurisdiction is proper in the Court because Commonwealth regularly transacts business within the Commonwealth of Massachusetts, including Suffolk County.

4.      Venue is proper in Suffolk County because Commonwealth has a principal place of business in Suffolk County.

## Parties

5.      Plaintiff Jamie Botero is a resident of Cambridge, Massachusetts.

6.      On information and belief, individuals performing similar functions to Plaintiff, as chauffeurs, were treated similarly to Mr. Botero with respect to the allegations in this Complaint. Thus, Plaintiff brings this action on his own behalf and on behalf of:

> "All persons who worked for Defendants as chauffeurs, at any time between January 16, 2009 and the date of final judgment."

> (the "Class Period"), (such similarly situated persons are hereinafter referred to collectively as the "Class" or "Class Members").

7.      Defendant Commonwealth Limousine Service, Inc. is a corporation incorporated in the Commonwealth of Massachusetts, having its principal office at 250 Everett St., Allston, Massachusetts.

8.      Defendant Commonwealth Limousine Service, Inc. does business as Commonwealth Worldwide Transportation.

9.      Defendant Dawson A. Rutter, Jr. is presently, and has been at all times relevant to this complaint, according to records on file with the Secretary of the Commonwealth, the President and Treasurer of Commonwealth Limousine Service, Inc., and resides at 280 Beacon Street, Boston, Massachusetts.

10.     During the relevant time period Defendants were employers subject to the Massachusetts wage and hour laws.

11.     During the relevant time period, Defendants were required to compensate the Plaintiff and the members of the class they purport to represent in accordance with the requirements imposed on employers by Massachusetts law.

## Factual Allegations

12.     Plaintiff Jamie Botero has worked continuously for Defendants from approximately 2005 through October 18, 2011 as a chauffeur.

13.     During the Class Period, Defendants were engaged in the business of providing chauffeured transportation services throughout the Commonwealth of Massachusetts.

14. Plaintiff's primary job duties included, but were not limited to, driving vehicles and transporting customers of the Defendants to various locations in the Commonwealth of Massachussetts.

15. Plaintiff was paid on an hourly basis, plus commissions.

16. Plaintiff regularly reported his hours to Defendants.

17. Defendants regularly received reports indicating the hours worked by Plaintiff.

18. Defendants failed to pay Plaintiff the full amount of wages to which he was entitled for all of his work time.

19. Defendants only compensated Plaintiff for time spent actually driving customers from one location to another or waiting on duty with customers at their designated locations.

20. Defendants did not compensate Plaintiff for his on-call time, despite the fact that the Plaintiff was required to be on site and was not completely relieved of all work-related duties.

21. Because Defendants' policies ensured that the Plaintiff was never completely relieved of all work-related duties, Defendant should have compensated the Plaintiff from the time he reported for work until such time as he was completely relieved of all work-related duties.

22. Defendants regularly deducted 30 minutes from the Plaintiff's work time for lunch, even though Plaintiff was only compensated for his active duty time, and as such was never completely relieved of all work-related duties.

23. Because Defendants' policies ensured that the Plaintiff was only paid for his time with customers, Defendants should have compensated the Plaintiff for the time he was supposedly on a lunch break.

24. Plaintiff and other persons employed by Defendants as chauffeurs repeatedly complained to Defendants about the failure to pay proper wages. Despite these complaints, Defendants nevertheless repeatedly continued in their failure to pay Plaintiffs and Class Members all of the wages due to them under the law.

25. Defendants have at all relevant times known about the foregoing practices, and Defendants' failure to pay Plaintiff and the Class Members on a timely basis all wages due, was made with either an evil motive or a reckless disregard for the rights of those employees.

26. Plaintiff has satisfied all prerequisites and conditions precedent necessary to seek the remedies sought in this action.

27.     Attached as <u>Exhibit A</u> hereto is a letter from the office of the Attorney General authorizing Plaintiff to pursue the claims set forth in this Complaint through a private lawsuit in civil court.

**Class Action Allegations**

28.     Pursuant to M.G.L. c. 149, §150 and Mass. R. Civ. P. 23, Plaintiff brings this action on behalf of himself and the Class Members to recover unpaid wages earned by them during the Class Period.

29.     During the Class Period, Defendants paid all of the Massachusetts Class Members in the same manner and under the same standard employment procedures and practices as Plaintiff.

30.     Defendants have been aware of the hours worked by the Massachusetts Class Members, but have failed to pay the Class Members the full amount of wages to which they are entitled for this work time.

31.     Plaintiff is currently unaware of the identities of all Class Members. However, on information and belief, at least 70 persons have worked for Defendants performing these job functions in the Commonwealth of Massachusetts during the Class Period and would, therefore, be Class Members. For this reason, the Class is so numerous that joinder of all Class Members would be impracticable.

32.     There exist numerous common questions of both law and fact, including: whether Defendants were required to pay chauffeurs for all hours worked; whether it was proper for Defendants to refuse to pay chauffeurs for all hours worked and all hours reported; how chauffeurs were required to spend their time while on-call; whether it is proper for Defendants to deduct 30 minutes from chauffeurs work time when they were only compensated for the time they spent actively with customers; and whether Defendants acted with evil motive or a reckless disregard for the rights of chauffeurs.

33.     There are also numerous questions of law including whether the Plaintiff and Class Members are entitled to compensation under M.G.L. c. 149, § 148. Any defenses raised by Defendants, including that their conduct did not violate Massachusetts Law, would be common to Plaintiff and all Class Members.

34.     The claims of the Plaintiff are typical of the claims of the Class, because each Class Member was subject to and victimized by the same unlawful policies and practices of Defendants, and the Class Members all had the same basic job responsibilities as Plaintiff, as chauffeurs working for Defendants.

35.     The Plaintiff is represented by counsel experienced in collective action litigation, and, in particular, in litigating claims under Massachusetts wage and hours laws. Plaintiff will

4

both fairly and adequately protect the interests of the Class and have no conflicts with the interests of the Class.

36.  The prosecution of separate actions against Defendants would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants. In addition, adjudications with respect to individual members of the Class could as a practical matter be dispositive of the interests of all the other members of the Class not parties to such adjudications, or could substantially impede or impair their ability to protect their interests.

37.  Questions of law or fact common to the members of the Class predominate over any questions affecting only individual Class Members. A class action is therefore superior to other available methods for the fair and efficient adjudication of the controversy. Facts not common to the Class are immaterial to resolving the common legal questions whether Defendants' policies violated Massachusetts law. There will be no difficulty in managing this case as a class action.

38.  The members of the Class are known to the Defendants and are readily identifiable through Defendants' records.

## Claims for Relief

## Count I
### Massachusetts Wage Act Claim
### (On Behalf of Plaintiffs and the Class)

39.  Defendants employed Plaintiff and the Class Members and suffered or permitted them to work within the meaning of the Massachusetts Wage Act, M.G.L. c. 149, §148 (the "Wage Act").

40.  Defendants failed to pay regular wages owed to Plaintiff and the Class Members on a timely basis for the work which they did for Defendants, in violation of the Wage Act.

41.  Defendants' failure to pay wages owed to the Plaintiff and the Class Members as required by the Wage Act constituted outrageous conduct that was undertaken with either an evil motive or reckless indifference by Defendants of the rights of the Plaintiff and the Class Members.

42.  As the result of the Defendants' violations of Massachusetts law set forth above, Plaintiff and the Class Members have incurred damages in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that the Court:

5

(A)  Declare this action to be maintainable as a class action pursuant to Mass. R. Civ. P. 23 and/or to be a representative action on behalf of all of those similarly situated pursuant to M.G.L. c. 149, §150;

(B)  Require Defendants to provide an accounting to Plaintiff of the amount of damages incurred by him and the Class Members and to provide a mechanism to identify and notify such persons of the losses they have suffered and to provide for the fair and equitable distribution of all damages awarded in this action;

(C)  Determine the damages sustained by Plaintiff and the Class Members as the result of Defendants' unlawful conduct and award those damages, trebled, against the Defendants and in favor of the Plaintiff and the Class Members, together with such prejudgment interest as may be allowed by law;

(D)  Award Plaintiff and the Class Members their costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees and any reasonable accountants' or experts' fees;

(E)  Enter a permanent injunction ordering Defendants henceforth to refrain from engaging in the unlawful conduct described in this Complaint and to take all necessary measures to ensure that it is at all times in compliance with such injunction; and

(F)  Grant Plaintiff and the Class Members such other and further relief as the Court may deem just and proper.

I HEREBY ATTEST AND CERTIFY ON

March 14, 2012, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY,

Asst. Clerk

By the attorneys for the Plaintiffs and the Class Members,

Philip J. Gordon (BBO #630989)
Kristen M. Hurley (BBO #658237)
GORDON LAW GROUP LLP
585 Boylston Street
Boston, Massachusetts 02116
(617) 536-1800

Dated: January 16, 2012

6

EXHIBIT A
Private Right of Action Letter from Attorney General



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
### ONE ASHBURTON PLACE
### BOSTON, MASSACHUSETTS 02108

MARTHA COAKLEY
ATTORNEY GENERAL

January 5, 2012

(617) 727-2200
www.mass.gov/ago

Kristen M. Hurley
Gordon Law Group, LLP
585 Boylston Street
Boston, MA 02116

Re: Private Right of Action – Jaime Botero

**Authorizing for Immediate Private Suit – Commonwealth Limousine Service, Inc. d/b/a Commonwealth Worldwide Transportation and Dawson A. Rutter, Jr.**

Dear Atty. Hurley:

Thank you for contacting the Office of the Attorney General's Fair Labor and Business Practices Division.

This letter is to inform you that we have carefully reviewed the complaint and have determined that the proper resolution of this matter may be through a private suit in civil court. Accordingly, we are authorizing you to pursue this matter through a civil lawsuit immediately.

Massachusetts General Laws, chapter 149, sec. 150, and chapter 151, secs. 1B and 20 establish a private right of action for employees who believe they are victims of certain violations of the state wage laws. If you elect to sue in civil court, you may bring an action on your clients' behalf and others similarly situated, and they may obtain injunctive relief, treble damages for any loss or wages and other benefits, as well as the costs of litigation and reasonable attorneys' fees.

Without making a judgment on the merits of the complaint, this correspondence represents this office's written assent to sue and grants you the authority to pursue this matter against the employer *as well as against the president, treasurer of the corporation and any officers or agents having the management of such corporation,* immediately, as permitted by Massachusetts General Laws chapters 149 and 151. This office will not take further enforcement action at this time. Thank you for your attention to this matter

Sincerely,

Bruce Trager
Assistant Attorney General
Fair Labor and Business Practices Division
(617) 727-2200, extension 2336

BT/mm

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

U.S. Dist #
12-CV-10428-NMG

| | |
|---|---|
| JAIME BOTERO, on behalf of himself and all others similarly situated, | |
| Plaintiffs, | Civil Action No. 12-0186B |
| vs. | |
| COMMONWEALTH LIMOUSINE SERVICE INC. D/B/A COMMONWEALTH WORLDWIDE TRANSPORTATION and DAWSON A. RUTTER, JR. as President of Commonwealth Limousine Services, Inc., and Individually. | |
| Defendants. | |

MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE

2012 MAR -7  PM 3:37

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE

## **NOTICE OF FILING NOTICE OF REMOVAL TO FEDERAL COURT**

On March 7, 2012, Defendant filed in the United States District Court for the District of Massachusetts a Notice of Removal to Federal Court. A true and correct copy of the Notice of Removal is attached to this Notice.

COMMONWEALTH LIMOUSINE SERVICE, INC. and DAWSON A. RUTTER, JR.,

By their attorneys,

C. Max Perlman, Esq. (BBO# 630395)
    max@hrwlawyers.com
Kristy L. Avino, Esq. (BBO# 658698)
    kavino@hrwlawyers.com
Hirsch Roberts Weinstein LLP
24 Federal Street, 12th Floor
Boston, Massachusetts 02110
Telephone (617) 348-4300
Facsimile (617) 348-4343

I HEREBY ATTEST AND CERTIFY ON
March 14, 2012 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY
    Asst. Clerk

March 7, 2012

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon plaintiff's counsel of record by sending a copy by hand delivery to Philip J. Gordon, 585 Boylston Street, Boston, Massachusetts 02116 on March 7, 2012.

C. Max Perlman

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAIME BOTERO, on behalf of himself and
all others similarly situated,

Plaintiffs,

vs.

COMMONWEALTH LIMOUSINE
SERVICE INC. D/B/A
COMMONWEALTH WORLDWIDE
TRANSPORTATION and DAWSON A.
RUTTER, JR. as President of
Commonwealth Limousine Services, Inc.,
and Individually.

Defendants.

Civil Action No.

[On removal from Superior Court of
Suffolk County, Massachusetts,
C.A. No. 12-0186B]

## NOTICE OF REMOVAL

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS:**

Pursuant to 28 U.S.C. §§ 1331 and 1446, Defendants Commonwealth Limousine Service,

Inc. and Dawson A. Rutter hereby give notice of the removal to this Court of the above-

captioned civil action, commenced in the Commonwealth of Massachusetts Superior Court,

Suffolk County. As grounds for the removal, Defendants state:

1.      The Complaint in the state court action, Civil Action No. No. 12-0186B, was

served on Defendants on February 8, 2010. This Notice of Removal is, therefore, timely. 28

U.S.C. § 1446(b).

2.      In Count III of the Amended Complaint, Plaintiff brings a claim for a collective

action for overtime wages under federal law, specifically 29 U.S.C. § 207 and 29 U.S.C. §

216(b).

1

3.      Defendants are entitled to remove Plaintiff's action to this Court pursuant to 28

U.S.C. § 1446 because this Court has original jurisdiction over this matter under the provisions

of 28 U.S.C. §1331 (establishing federal question jurisdiction) and the action is pending within

this District and Division.

4.      Pursuant to 28 U.S.C. § 1446(d), notice of the filing of this Notice of Removal is

being given to Plaintiff through the filing a Notice of Filing Notice of Removal of Action, along

with a copy of this Notice of Removal, and by service upon all parties in accordance with applicable

law.

5.      Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings served on

Defendants in this action are attached hereto as Exhibit 1.


                                    COMMONWEALTH LIMOUSINE SERVICE,
                                    INC. and DAWSON A. RUTTER, JR.,
                                    By its attorneys,


                                    /s/ Kristy L. Avino
                                    C. Max Perlman, Esq. (BBO# 630395)
                                         max@hrwlawyers.com
                                    Kristy L. Avino, Esq. (BBO# 658698)
                                         kavino@hrwlawyers.com
                                    Hirsch Roberts Weinstein LLP
                                    24 Federal Street, 12th Floor
                                    Boston, Massachusetts 02110
                                    Telephone (617) 348-4300
March 7, 2012                       Facsimile (617) 348-4343

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 7, 2012.

/s/ Kristy L. Avino
Kristy L. Avino

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Jaime Botero, on behalf of himself and all others similarly situated | Commonwealth Limousine Service, Inc. d/b/a Commonwealth Worldwide Transportation and Dawson A. Rutter, Jr. |

**(b)** County of Residence of First Listed Plaintiff    Middlesex
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Suffolk
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Philip J. Gordon and Kristen M. Hurley, Gordon Law Group LLP
585 Boylston Street, Boston, MA 02116
(617)636-1800

Attorneys *(If Known)*
C. Max Perlman and Kristy L. Avino, Hirsch Roberts Weinstein LLP
24 Federal Street, 12th Floor, Boston, MA 02110
(617)348-4300

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability   ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel &   Pharmaceutical Slander   Personal Injury | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| | ☐ 330 Federal Employers'   Product Liability | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | Liability   ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine   Injury Product ☐ 345 Marine Product   Liability | | ☐ 840 Trademark | Corrupt Organizations ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | Liability   **PERSONAL PROPERTY** ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV ☐ 850 Securities/Commodities/ |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 190 Other Contract | Product Liability   ☐ 380 Other Personal | Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal   Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | Injury   ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury -   Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| | Med. Malpractice | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting   Sentence | | or Defendant) | ☐ 950 Constitutionality of |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   **Habeas Corpus:** | | ☐ 871 IRS—Third Party | State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/   ☐ 530 General | | 26 USC 7609 | |
| ☐ 245 Tort Product Liability | Accommodations   ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 540 Mandamus & Other Employment   ☐ 550 Civil Rights | ☐ 462 Naturalization Application ☐ 463 Habeas Corpus - | | |
| | ☐ 446 Amer. w/Disabilities -   ☐ 555 Prison Condition Other   ☐ 560 Civil Detainee - | Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education   Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1331 and 1446,
Brief description of cause:
Plaintiff seeks wages pursuant to 29 U.S.C. s. 207 and Massachusetts state law.

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE     DOCKET NUMBER   Suffolk Superior 12-0186B

DATE   03/06/2012

SIGNATURE OF ATTORNEY OF RECORD   *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) Jaime Botero v. Commonwealth Limousine Service, Inc. et. al.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    [ ]    I.      410, 441, 470, 535, 830*, 891, 893, 895, R.23, REGARDLESS OF NATURE OF SUIT.

    [✓]    II.      110, 130, 140, 160, 190, 196, 230, 240, 290,320,362, 370, 371, 380, 430, 440, 442, 443, 445, 446, 448, 710, 720, 740, 790, 820*, 840*, 850, 870, 871.

    [ ]    III.      120, 150, 151, 152, 153, 195, 210, 220, 245, 310, 315, 330, 340, 345, 350, 355, 360, 365, 367, 368, 375, 385, 400, 422, 423, 450, 460, 462, 463, 465, 480, 490, 510, 530, 540, 550, 555, 625, 690, 751, 791, 861-865, 890, 896, 899, 950.

          *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                               YES [ ]     NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

                               YES [ ]     NO [✓]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                               YES [ ]     NO [✓]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                               YES [ ]     NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                               YES [✓]     NO [ ]

    A.      If yes, in which division do all of the non-governmental parties reside?

           Eastern Division [✓]      Central Division [ ]      Western Division [ ]

    B.      If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

           Eastern Division [ ]      Central Division [ ]      Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                               YES [ ]     NO [✓]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME C. Max Perlman and Kristy L. Avino, Hirsch Roberts Weinstein

ADDRESS 24 Federal Street, 12th Floor, Boston, Massachusetts 02110

TELEPHONE NO. (617)348-4300

(CategoryForm12-2011.wpd - 12/2011)

# Commonwealth of Massachusetts

**4**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 12-0186 B

Jaime Botero on behalf of himself and others, Plaintiff(s)
similarly Situated

v.

Commonwealth Limousine Service, Inc. d/b/a Commonwealth, Defendant(s)
Worldwide Transportation and Dawson A. Rutter, Jr.

## SUMMONS

To the above-named Defendant: Commonwealth Limousine Service, Inc.

You are hereby summoned and required to serve upon Philip J. Gordon, Esq.

plaintiff's attorney, whose address is Gordon Law Group LLP 585 Boylston St., Boston MA 02116, an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the _____ day of
_____ , in the year of our Lord two thousand _____

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant,
   each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 20M-10/11

I HEREBY ATTEST AND CERTIFY ON
March 14, 2012 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY
Asst. Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No.

, Pltff(s).

v.

, Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

20__.

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

Deputy Sheriff Edward J. Tobin

Deputy Sheriff

Suffolk, ss.                                        February 9, 2012

I hereby certify and return that on 2/8/2012 at 2:05 PM, I served a true and attested copy of the Summons, Complaint, Amended Complaint, Cover Sheet and Tracking Order in this action in the following manner: To wit, by delivering in hand to Kelly Managham, Secretary agent, and person in charge at the time of service for Commonwealth Limousine Service, Inc., 250 Everett Street Allston, MA. In this service hereof it was necessary and I actually used a motor vehicle 8 miles.   Attest/Copies ($5.00) Basic Service Fee ($30.00) Conveyance ($2.40) Postage and Handling ($1.00) Travel ($5.00) Total: $43.40

Suffolk County Sheriff's Department • 132 Portland Street, Boston, MA 02114 • (617) 704-6999

# Commonwealth of Massachusetts

**·5**

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 12-0186 B

Jaime Rokeo, on behalf of himself and others
similarly situated                              , Plaintiff(s)

v.

Commonwealth Limousine Serve, Inc. d/b/a Commonwealth , Defendant(s)
Worldwide Transportation and Dawson A. Rurke, Jr.

## SUMMONS

To the above-named Defendant: Dawson A. Rurke, Jr.

You are hereby summoned and required to serve upon Philip J. Gordon, Esq.

plaintiff's attorney, whose address is Gordon Law Group LLP, 585 Boylston St. Boston MA 02116 an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the _____day of
_____, in the year of our Lord two thousand _____

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant,
each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
(1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 20M-10/11

I HEREBY ATTEST AND CERTIFY ON

March 14, 2012, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY.

Asst. Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a
defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the
original in the Clerk's Office.

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. _____

_____ , Plff(s).

v.

_____ , Def(s).

### SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

, 201__

**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

_____
Deputy Sheriff

Deputy Sheriff Edward J. Tobin

I hereby certify and return that on 2/7/2012 at 10:35 AM I served a true
and attested copy of the Summons, Complaint and Cover Sheet, Amended
Complaint in this action in the following manner: To wit, by leaving at the
last and usual place of abode of Dawson A. Rutter, Jr., 280 Beacon Street
Boston, MA  and by mailing 1' class to the above address on 2/7/2012.
Attest/Copies ($10.00) Basic Service Fee ($20.00) Postage and Handling
($3.00) Travel ($1.00) Total: $34.00)

February 8, 2012

Suffolk, ss.

Suffolk County Sheriff's Department • 132 Portland Street, Boston, MA 02114 • (617) 704-6999