```
                    United States District Court
                      District of Massachusetts
_____
                               )
JAIME BOTERO, on behalf of     )
himself and all others similarly)
situated,                      )
         Plaintiff,            )    Civil Case No.
                               )    12-10428-NMG
         v.                    )
                               )
COMMONWEALTH LIMOUSINE SERVICE )
INC. and DAWSON RUTTER, JR.,   )
         Defendants.           )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

The instant matter involves a putative class action brought by a chauffeur employed by defendant who claims that defendant violated the Massachusetts Wage Act and the Fair Labor Standards Act ("the FLSA") by failing to compensate its chauffeurs properly. In April, 2013, Magistrate Judge Dein issued a Report and Recommendation ("the R&R") with respect to defendant's motion for summary judgment on all of plaintiff's claims. She recommended that the motion be allowed with respect to plaintiff's claim for commissions but denied with respect to plaintiff's other claims.

After careful consideration of the R&R and the objections of both parties thereto, this Court finds the reasoning of the Report to be sound and will adopt its recommendation in its entirety. The Court issues this supplemental memorandum to

address one of defendants' specific objections and to explain how adopting the R&R comports with this Court's recent decision in Raposo v. Garelick Farms, LLC, Civ. No. 11-11943.

First, defendants argue that the Magistrate Judge should have adopted the reasoning of another district court which, when considering similar claims against the same defendants and identical meal policy, allowed defendants' motion for summary judgment. See Ellis v. Common Wealth Worldwide Chaueffuered Transp. of NY, LLC, Civ. No. 10-CV-1741 DLI JO, 2012 WL 1004848 (E.D.N.Y. Mar. 23, 2012).  The record before this Court differs, however, in at least one respect from the facts in the Ellis case.  In that case, the district court assumed that there was a genuine issue of fact as to whether the plaintiff worked through his meal breaks but concluded that defendants could not be liable because plaintiff presented "no evidence" that defendant was aware of the problem. See id. at *9.  The evidence here reflects that chauffeurs complained to defendants about the subject policy and that evidence is sufficient to raise a genuine issue of material fact as to defendants' knowledge.

Moreover, as the Magistrate Judge reasoned, the challenged policy applies only when chauffeurs have worked for uninterrupted shifts of six hours or longer, which defendants themselves determine after reviewing each chauffeur's trip tickets and accounting for time deemed to be uncompensable.  Viewing the

facts in the light most favorable to the plaintiff, there remains a genuine issue of material fact as to whether defendants deducted time presumed to have been taken for lunch breaks from time that qualified as "work time" under the FLSA.  See R&R, Docket No. 67, at 13, 15-17.

Second, this Court recently issued an opinion in Raposo v. Garelick Farms, LLC that denied plaintiffs' motion for class certification on a similar claim based upon their employer's alleged improper deduction of time spent on meal breaks because it found that factual distinctions among class members resisted "common answers" and failed to satisfy the commonality requirement of Fed. R. Civ. P. 23.  See Civ. No. 11-11943, Docket No. 69, at 8-10.  Such a finding is, of course, consistent with adoption of the R&R here because the fact that plaintiff has raised a genuine issue of material fact with respect to some of his claims has no bearing on whether those claims will qualify for class treatment.

**ORDER**

In accordance with the foregoing,

1) after consideration of the objections thereto, the Report and Recommendation of Magistrate Judge Dein (Docket No. 67) is **ACCEPTED and ADOPTED,** and

2) defendant's motion for summary judgment (Docket No. 37) is, with respect to plaintiffs' claim for commissions, **ALLOWED,** but is otherwise **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated July 25, 2013