```
                    United States District Court
                      District of Massachusetts
 _____
                               )
JAIME BOTERO, on behalf of     )
himself and all others similarly)
situated,                      )
                               )
          Plaintiff,           )    Civil Action No.
                               )    12-10428-NMG
          v.                   )
                               )
COMMONWEALTH LIMOUSINE SERVICE )
INC. and DAWSON A. RUTTER, JR.,)
                               )
          Defendants.          )
                               )
 _____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This is a putative class action brought by a former chauffeur, Jaime Botero ("Botero"), who claims that defendant Commonwealth Limousine Service ("Commonwealth") and its president, Dawson A. Rutter ("Rutter") (collectively, "defendants") violated the Massachusetts Wage Act and the Fair Labor Standards Act ("the FLSA") through their failure to compensate chauffeurs properly. Now pending before the Court is plaintiff's motion to amend the complaint to implead as plaintiffs 14 individuals who filed "opt-in" notices (collectively, the "opt-ins") under the FLSA. For the reasons that follow, the Court will deny plaintiff's motion.

I.  **Procedural History**

In January, 2012, plaintiff filed suit against Commonwealth in the Massachusetts Superior Court for Suffolk County alleging violations of state wage regulations. Later that month, he filed a three-count amended complaint in state court, adding an FLSA claim. In March, 2012, defendants removed the case to this Court.

During March and April, 2012, seven individuals filed "opt-in" Notices of Filing Consent to Sue under 29 U.S.C. § 216(b) of the FLSA.

In March, 2014, the Court denied plaintiff's renewed motion for conditional class certification, concluding that the putative class members were not similarly situated in the FLSA context because the inquiry into whether the lunch break of a particular member of the putative class constituted a "bona fide meal break" would be "fact-intensive" and not susceptible to common, class-wide analysis. Botero v. Commonwealth Limousine Serv. Inc. ("Botero I"), No. 12-10428-NMG, 2014 WL 1248158, at *5-6 (D. Mass. Mar. 25, 2014).

Since the Court's denial of the motion to conditionally certify the class, seven additional individuals have filed "opt-in" notices pursuant to FLSA § 216(b). All together, 14 individuals have filed such notices.

## II. **Plaintiff's Motion to Amend Complaint**

At a scheduling conference held in August, 2014, plaintiff maintained that the 14 "opt-ins" had already joined the case as party-plaintiffs by filing their "Notices of Filing Consent to Sue." The "opt-ins" are not currently part of the case, however, because their notices of consent were filed under the FLSA and the plaintiff's motion for conditional class certification under the FLSA was denied. See, e.g., Clay v. Huntington Ingalls, Inc., Civ. No. 09-7625, 2012 WL 860375, at *3 (E.D. La. Mar. 13, 2012); see also Prescott v. Prudential Ins. Co., 729 F. Supp. 2d 357, 370 (D. Me. 2010) (noting that if a FLSA conditionally certified class was subsequently decertified, any "opt-in" plaintiffs would be dismissed without prejudice).

Accordingly, plaintiff now moves for leave to amend the complaint to include the 14 individuals who filed "opt-in" notices as named party plaintiffs in this case. Plaintiff contends that such an amendment is proper under Fed R. Civ. P. 15, 20(a) and 21. He argues that all 14 individuals also work, or at one time worked, as chauffeurs for defendants and therefore have claims for overtime pay arising out of the defendants' same behavior. Plaintiff further contends that he has not delayed in seeking an amendment of the complaint and

that defendants had notice of these individuals and thus will not be prejudiced by such an amendment.

**A.   Legal Standard**

In order to join additional plaintiffs pursuant to Fed. R. Civ. P. 20(a)(1), plaintiff must establish that

> (A) [he] assert[s] any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.

While the First Circuit Court of Appeals has yet to establish a definitive standard, courts in this district have held that the same "transaction or occurrence" referenced in Rule 20(a) exists where the "infringing acts share an aggregate of operative facts." See, e.g., New Sensations, Inc. v. Does 1-175, 947 F. Supp. 2d 146, 148 (D. Mass. 2012) (citing In re EMC Corp., 677 F.3d 1351, 1358 (Fed. Cir. 2012)).  Plaintiff must show "substantial evidentiary overlap in the facts giving rise to the cause of action against defendant." In re EMC, 677 F.3d at 1358. Thus, joinder is not warranted simply because defendants allegedly "committed the exact same violation of the law in exactly the same way." New Sensations, 947 F. Supp. 2d at 1358 (citations omitted).

In addition to the permissive joinder rule, district courts have discretion to permit leave to a plaintiff to amend their

complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) gives courts wide discretion in deciding whether to grant leave to amend. U.S. ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009). Reasons for denying such leave include, inter alia, undue delay in filing the motion, undue prejudice to the opposing party and futility of amendment. Id.

**B.  Analysis**

First, the Court concludes that Rule 20(a) joinder is unwarranted here for substantially the same reasons it denied FLSA conditional class certification in the March, 2014 Order. The Court previously held that plaintiff failed to satisfy the FLSA's "similarly situated" standard because

> [t]he circumstances surrounding each instance [of alleged non-payment of overtime] are different and not the result of a "single decision, policy, or plan that violated the law."

Botero I, 2014 WL 1248158, at *4 (citing Trezvant v. Fidelity Emp'r Servs. Corp., 434 F. Supp. 2d 40, 43 (D. Mass. 2006)). The Court also found that the would-be class members "have sufficiently particularized experiences" that require a "fact-intensive inquiry" to be considered on a "case-by-case basis." Botero I, 2014 WL 1248158, at *5-6.

The "similarly situated" standard for conditional certification under § 216(b) of the FLSA is, in fact, "more elastic and less stringent than the requirements found [for Fed.

R. Civ. P.] 20 (joinder)." Grayson v. K Mart Corp., 79 F.3d 1086, 1095 (11th Cir. 1996); see Cruz v. Bristol-Myers Squibb Co., PR, 699 F.3d 563, 569 (1st Cir. 2012). Joinder is thus not warranted here because plaintiff has already failed to convince this Court that the experiences of the various chauffeurs at Commonwealth are susceptible to FLSA class treatment. As such, it can hardly be said that the factual scenarios of the 14 "opt-ins" stem from the same "transaction or occurrence" or "share an aggregate of operative facts." Accordingly, plaintiff will not be permitted to amend his complaint pursuant to Fed. R. Civ. P. 20(a).

The Court also will not permit plaintiff to amend his complaint under Fed. R. Civ. P. 15(a). Notably, half of the 14 individuals who "opted-in" pursuant to § 216(b) of the FLSA did so months after the Court refused to conditionally certify the FLSA class. It is unclear why plaintiffs, after having their FLSA conditional class rejected, have continued to utilize a FLSA provision in an attempt to add party plaintiffs rather than immediately to seek leave to amend the complaint. See Prescott, 729 F. Supp. 2d at 370.

Moreover, allowing plaintiff now to amend their complaint and convert the 14 "opt-ins" into parties plaintiff

> would [] create the same unmanageable situation that [the Court] sought to avoid in denying collective certification.

Clay, 2012 WL 860375, at *3. The case-by-case, fact-intensive nature of each chauffeurs' wage claim would undoubtedly create logistical difficulties for defendants, as the defenses it raises against each chauffeur are likely to be factually individualized. Patrick Collins, Inc. v. Does 1-38, 941 F. Supp. 2d 153, 165 (D. Mass. 2013). Rather than expediting the litigation, the case would devolve into "scores of mini-trials involving different evidence and testimony" regarding each chauffeur's factual circumstances. Id. (citation omitted).

Accordingly, plaintiff will not be permitted to amend their complaint to add the § 216(b) "opt-in" individuals as named plaintiffs. To the extent those individuals wish to raise their claims against Commonwealth, they must file separate complaints.

The Court notes that it reaches this decision regarding the instant motion without prejudice as to plaintiff's anticipated motion for class certification under Fed. R. Civ. P. 23(a). That motion, as plaintiff argued at the scheduling conference held in August, 2014, will have the additional benefit of Rule 23 class certification-related discovery. On the other hand, the Court reminds plaintiff of the similarities that it drew between the FLSA's "similarly situated" standard and Rule 23's "commonality" requirement when it refused to conditionally certify a FLSA class. Botero I, 2014 WL 1248158, at *6.

## **ORDER**

Accordingly, plaintiff's motion to amend the complaint (Docket No. 106) to include as named plaintiffs the 14 individuals who filed "opt-in" notices under FLSA § 216(b) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated October 8, 2014