United States District Court
District of Massachusetts

|  |  |
|---|---|
| JAIME BOTERO, on behalf of himself and all others similarly situated, ) ) ) ) ) | |
| Plaintiff, ) ) | Civil Action No. 12-10428-NMG |
| v. ) ) | |
| COMMONWEALTH LIMOUSINE SERVICE INC. and DAWSON A. RUTTER, JR., ) ) ) | |
| Defendants. ) ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case is a putative class action brought by a former chauffeur, Jaime Botero ("plaintiff"), who alleges that Commonwealth Limousine Service and its president, Dawson A. Rutter (collectively, "defendants"), violated the Massachusetts Wage Act and the Fair Labor Standards Act ("the FLSA") through their failure to compensate chauffeurs properly.

Plaintiff has now moved voluntarily to dismiss his class allegations and proceed with his individual claims only. Plaintiff filed the instant motion after two adverse rulings by this Court as to his class allegations.

First, in March, 2014, the Court denied plaintiff's renewed motion for conditional class certification, concluding that the putative class members were not similarly situated in the FLSA

-1-

context.  Then in October, 2014, the Court denied plaintiff's motion to amend the complaint to include 14 individuals who filed FLSA "opt-in" notices as named plaintiffs.  The Court's ruling concluded that the motion to amend the complaint was unwarranted for substantially the same reasons that it denied FLSA conditional class certification; that is, the chauffeurs' claims were too individualized.

In the October, 2014 Order, the Court specifically noted that it reached its decision regarding the motion without prejudice as to plaintiff's anticipated motion for class certification under Fed. R. Civ. P. 23(a).  The Court pointed out that such a motion would have the additional benefit of Rule 23 class certification-related discovery.  However, the Court did remind plaintiff of the similarities that it drew between the FLSA's "similarly situated" standard and Rule 23's "commonality" requirement when it refused to conditionally certify a FLSA class.

Defendants oppose plaintiff's motion and request that the Court only dismiss the class allegations with prejudice. Defendants contend that plaintiff is merely seeking dismissal of the class claims because he has "become increasingly doubtful" that the Court will certify a class.  As such, defendants accuse plaintiff of seeking a voluntary dismissal so he can re-file the class claims in another forum and "start over."  Defendants

argue that they will be clearly prejudiced if plaintiff is able to re-file those claims in another forum given the large amount of time and resources already expended on class issues during the more than two and a half year pendency of this case.

In response to defendants' opposition, plaintiff points out that nowhere in his motion did he request dismissal <u>without</u> prejudice.  To that end, plaintiff explicitly amends his motion and requests that the Court dismiss with prejudice all class allegations in his amended complaint.

**I.   Analysis**

Plaintiff's motion is appropriately considered under Fed. R. Civ. P. 41(a)(2).  <u>See</u> <u>Jackson</u> v. <u>Innovative Sec. Servs., LLC</u>, 283 F.R.D. 13, 15 (D.C. Cir. 2012) (noting that a plaintiff may seek to dismiss some of its claims through a Rule 41 notice) (citation omitted).  Fed. R. Civ. P. 41(a)(2) provides that

> an action may be dismissed at the plaintiff's request only by court order, on terms that the court deems proper.

Such a dismissal is made without prejudice unless otherwise specified by court order.

Here, it is appropriate to allow plaintiff's motion but, in doing so, to dismiss the class allegations with prejudice. First, the parties both assent to a dismissal with prejudice. However, even had they not the Court would still deem it appropriate to order the dismissal with prejudice.  The Court

has an obligation to "protect the nonmovant from unfair treatment" when considering a voluntary dismissal under Fed. R. Civ. P. 41(a)(2). Colon-Cabrera v. Esso Standard Oil Co. (P.R.), 723 F.3d 82, 88 (1st Cir. 2013) (citation omitted). This case has been pending for a significant length of time and defendants have expended substantial energy and expense in fighting plaintiff's class allegations. Id. Dismissal with prejudice will ensure that defendant's efforts were not wasted and that plaintiff cannot re-file his class allegations in a new proceeding, however remote such a possibility may be. Id.

Accordingly, the Court will allow plaintiff's amended motion and dismiss his class allegations with prejudice.

### ORDER

Plaintiff's motion voluntarily to dismiss his class allegations and proceed with his individual claims (Docket No. 118) is **ALLOWED.** Plaintiff's class allegations in Counts I through III of the amended complaint are hereby **DISMISSED with prejudice.**

**So ordered.**

       /s/ Nathaniel M. Gorton  
       Nathaniel M. Gorton  
       United States District Judge

Dated November 21, 2014